GARCÍA ET AL., APPELLANTS, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale in Foreclosure.

No. 499.—Decided July 23, 1921.

RECORD OF TITLE—FORECLOSURE—MORTGAGE—USUFRUCT.—The mere statement of the usufructuary of a property that he consents to the mortgage created

thereon by the owners, subordinating his right of usufruct to the security of the mortgage, can not convert the usufruct, into something like a junior encumbrance; but whether this be true or not, inasmuch as the proposition involved is not self-evident, but one upon which issue may be joined, it is a matter to be determined by a trial court after a hearing rather than by the registrar without any evidence before him other than the vague and ambiguous recital of the usufructuary.

The facts are stated in the opinion.

*Mr. E. López Tizol* for the appellants.

The respondent appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A mortgage executed by Asunción Fernández and Francisca Miranda, the owners of the legal title to a house and lot, recites that Victoria Fernández consents to the mortgage and to the security thereof and postpones a usufruct which Asunción Fernández and Francisca Miranda had previously acknowledged in her upon the property in an instrument of partition of property pertaining to the estate of Dionisio Miranda.

It is not pretended that either the owners of the fee or the usufructuary intended to, or did in fact, constitute a mortgage upon the beneficial interest, nor was the usufructuary made a party defendant to the summary proceedings subsequently instituted for the foreclosure of the mortgage.

It does appear, however, that Victoria Fernández and the husband of one of the mortgagors were notified of the preliminary order and of the proceedings when instituted "in order that, being informed, they might take such action as would best serve their interests."

Both the preliminary order and the order of sale signed by the district judge referred in general terms only to the mortgaged property without describing it, although the writ issued to the marshal by the clerk, as copied into the deed executed by the marshal in favor of the mortgagees, describes the house and lot first above mentioned which the marshal undertakes to convey to such mortgagees for the amount of

their bid, representing a little more than three-fifths of the amount of the debt, without reserve or qualification of any kind and with a provision purporting delivery of possession.

This instrument was recorded in the registry of property as passing the nude title of the property so sold, and record thereof was refused as to the right of the usufructuary in the same property already of record in the name of Victoria Fernández "for the reason that the mortgage which had been foreclosed was not of record as a lien upon such usufruct, nor did it appear that Mrs. Fernández had been made a party defendant in the proceeding."

The theory of the mortgagees, both in the foreclosure proceeding and on appeal from the ruling last above mentioned, seems to be that the effect of the appearance by the usufructuary before the notary and of the recital first above mentioned over her signature operates a conversion of the usufruct into some sort of a junior incumbrance; but whether this be true or not must depend upon the meaning and scope of the rather unique clause in question. A careful reading thereof at once suggests a number of interesting questions, the enumeration of which at this time would be superfluous. It will suffice to say that the proposition involved is not self-evident, but one upon which issue may be joined, and, therefore a matter to be determined by a trial court after a hearing, rather than by the registrar of property without any evidence before him other than the vague and ambiguous recital contained in the instrument first above mentioned.

The ruling appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Aldrey concurred.